E-FILED
Wednesday, 08 May, 2019  03:13:55 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

**MARIA OFELIA HINOJOSA, et al.,**

    **Plaintiffs,**

**v.**                                                    **Case No. 18-2161**

**GOLDEN MEADOWS, LLC, et al.,**

    **Defendants.**

## ORDER

On April 10, 2019, this Court entered an Order (#51) granting Plaintiffs' Motion to Compel and directing Defendants to show cause as to why attorney's fees should not be granted under Rule 37(a)(5)(A). On April 26, 2019, Defendants filed their response, arguing that fees were not warranted as their nondisclosure was substantially justified. For the reasons discussed below, the Court grants Plaintiffs' request for fees pursuant to Rule 37(a)(5)(A).

Federal Rule of Civil Procedure 37(a)(5) governs sanctions related to a motion to compel. It provides, in relevant part:

> (A) If the motion is granted-or if the disclosure or requested discovery is provided after the motion was filed-the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>> (iii) other circumstances make an award of expenses unjust.

Rule 37(a)(5) "presumptively requires every loser to make good the victor's costs." *Rickels v. City of South Bend*, 33 F.3d 785, 786 (7th Cir.1994). "Fee shifting when the judge

must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Id*. Accordingly, "the loser pays" unless he establishes "that his position was substantially justified." *Chapel Ridge Investments, LLC v. Petland Leaseholding Co., Inc.*, 2015 WL 1349952 (N.D. Ind. 2015) (quoting *Rickels v. City of South Bend*, 33 F.3d at 786-87).

If a party fails to answer interrogatories properly served, "the court may impose sanctions directly, without first issuing an order to compel discovery." *Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co.*, 667 F.2d 600, 604 (7th Cir. 1981). In fact, the Seventh Circuit has upheld the district court's dismissal of a case where a party completely failed to respond to discovery. *In re Thomas Consolidated Industries, Inc.*, 456 F.3d 719, 724-24 (7th Cir. 2006).

The Court does not find Defendants' position to be substantially justified. Plaintiff's Motion to Compel and exhibits detail Defendants' failure to respond to Plaintiffs' requests and communications. Defendants' discovery responses were due on January 4, 2019. On January 6, 2019, Defendants sought an extension from Plaintiffs to produce their discovery responses by February 1, 2019. Then, on February 4, 2019, defense counsel sent an email stating that they were waiting on the last of the discovery materials from their client and would produce the responses "no later than the end of this week." Defendants again failed to produce the promised documents.

On February 13, 2019 and February 19, 2019, Plaintiffs' counsel sent emails asking defense counsel to submit the discovery responses. Defense counsel did not respond to these requests. Plaintiffs followed these emails with a phone call to defense counsel on March 7, 2019, but again did not receive a response.

Plaintiff's filed the Motion to Compel the next day, on March 8, 2019. Defendants did not file a response. Between February 19, 2019 and April 26, 2019, Defendants failed to respond to all communications in this case.

Defendants argue that their failure to respond was "substantially justified" because Plaintiffs have not alleged any prejudice and Defendants were not warned

2

previously by the Court. The Seventh Circuit does not require a showing of prejudice or evidence of a prior warning before entering sanctions under Rule 37.[1] As noted above, the mere failure to respond to discovery requests is sufficient under the language of Rule 37(a)(5)(A).

Additionally, defense counsel provides emails from their clients to show that "Defendants were continuously involved in providing discovery materials to their counsel." The Court understands that defense counsel could only provide what their clients produced, but Defendants and defense counsel fail to explain their utter failure to communicate.

Because Plaintiffs' Motion to Compel was granted and the exceptions under Rule 37(a)(5)(A) do not apply, the Court must award fees. The Court grants Plaintiffs' request for fees and directs Plaintiffs to supplement their Motion within 21 days with a categorization and breakdown of fees related solely to the Motion to Compel (#50).

ENTERED this 8th day of May, 2019.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants cite a balancing test used by the Sixth Circuit to determine if fees should be awarded for a Motion to Compel. The four factors the Sixth Circuit considers are: (1) whether the non-cooperation was due to willfulness, bad faith or fault, (2) whether the adversary was prejudiced; (3) whether the court warned the party that failure to cooperate could lead to sanctions; and (4) if dismissal is considered, whether a less severe sanction was considered. *Doe v. Lexington*, 407 F.3d 755, 766 (6th Cir. 2005). As noted by the Northern District of Illinois, this test is not binding in the Seventh Circuit. *Lorillard Tobacco Co. v. Elston Self Service Wholesale Groceries Inc.*, 259 F.R.D. 323, 327 (N.D. Ill. 2009). The Northern District also noted that the third factor, whether the court previously warned the party, is of limited value as the primary purpose of the fee shifting Rule is to deter frivolous discovery motions. *Id.*, citing FED. R. CIV. P. 37(a)(4).