IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARIA OFELIA HINOJOSA; FRANCISCO HINOJOSA; MARIA DOLORES RODRIGUEZ, individually and as next friend of D.R., F.R. and J.A.R.; GLORIA ANGELICA RODRIGUEZ; DAVID RODRIGUEZ; YOLANDA SALAZAR; ENRIQUE SALAZAR; ERNESTO BETANCOURT; BLANCA VALENCIA, individually and as next friend of S.V. and Y.V.; and MARIA JOSE VALENCIA; <br><br> Plaintiffs, <br><br> vs. <br><br> GOLDEN MEADOWS, LLC; J & S AGRICULTURE CREW, LLC; CENTRAL ILLINOIS PRODUCTION, LLC; SONIA MUÑOZ, individually; and JUAN MUÑOZ, individually; <br><br> Defendants. | Case No. 2:18-cv-02161 |

**RESPONSE TO FEE PETITION FOR MOTION TO COMPEL DEFENDANTS' J&S AGRICULTURE CREW, LLC'S; SONIA MUÑOZ'S AND JUAN MUÑOZ'S DISCOVERY RESPONSES**

NOW COME the Defendants, J & S AGRICULTURE CREW, LLC, SONIA MUÑOZ and JUAN MUÑOZ by and through their attorney, Matthew E. Peek, of ERWIN, MARTINKUS & COLE, LTD., and for their Response to Plaintiffs' Fee Petition for Motion to Compel Defendants' J&S Agriculture Crew, LLC's' Sonia Muñoz's and Juan Muñoz's Discovery Responses state as follows:

1. Federal Rule of Civil Procedure 37(a)(5)(A) provides that

"(5) Payment of Expenses; Protective Orders. (A) If the Motion [to Compel] Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the

1

movant's reasonable expenses incurred in making the motion, including attorney's fees."

(West 2019)

2. The United States District Court for the Northern District of Indiana, as persuasive authority, has previously stated with respect to awards of attorney's fees on motions to compel discovery that:

> "The recoverable fees are limited to the reasonable fees that an attorney would charge a client. Bowerman v. Wal–Mart Stores, Inc., 2000 U.S. Dist. LEXIS 21616, *3 (S.D.Ind. Nov. 30, 2000). The court will consider whether the costs reportedly incurred in making the motion were reasonably necessary by evaluating the reasonableness of the time spent preparing the motion and the rates charged. (citation omitted):"

> "The attorney's standard hourly rate is the best measure of the attorney's reasonable hourly rate." Accurate Mechanical, 863 F.Supp. at 834 (citing Gusman v. Unisys Corp., 986 F.2d 1146, 1150 (7th Cir.1993)); Parish v. City of Elkhart, 2011 WL 1360810, (N.D.Ind. April 11, 2011) (explaining that an attorney's billing rate is presumptively appropriate). This is because the rate clients are willing to pay the attorney accounts for his individual skill and ability. Gusman, 986 F.2d at 1150. In rendering this judgment, the court generally will take the attorney's experience and qualifications into consideration. Accurate Mechanical, 863 F.Supp. at 834. An attorney may charge higher than average fees for work completed in his specialty, but he must demonstrate that he is deserving of the same inflated rate for areas outside his common practice. Parish, 2011 WL 1360810 at 4. The court also will look to the market rate for comparable services. Perry v. City of Gary, 2011 WL 3444007, *2 (N.D.Ind. Aug. 8, 2011). If services of a similar quality were available within the market where the services were rendered for a reduced amount, the court may decrease the requested fees accordingly. Perry, 2011 WL 3444007 at *2–3.

> The court also must determine whether the time allotted to the given task was reasonable under the circumstances. Accurate Mechanical, 863 F.Supp. at 834. The court will consider the length of the motion or memorandum, the complexity of the case, and the amount of authority the document refers to when assessing the reasonableness of the time allotted to the activities. Maxwell v. South Bend Work Release, 2010 U.S. Dist. LEXIS 114462, *13–14, 2010 WL 4318800, *5 (N.D.Ind. Oct. 25, 2010); Arrington v. La Rabida Children's Hosp., 2007 WL 1238998, *3 (N.D.Ill. Apr. 25, 2007) (reducing requested time when brief in support of motion did not cite any case law); Mattenson v. Baxter Healthcare Corp., 2003 WL 22317677, *1 (N.D.Ill. Oct. 9, 2003) (finding that two hours was a reasonable length of time to complete a three page motion). Duplicate and excessive time cannot be recovered, and the court must carefully scrutinize a fee petition for such. Bowerman, 2000 U.S. Dist. LEXIS 21616 at *3. To enable the court to complete this task, "[t]he billing records must be sufficiently clear to enable the district court to identify what hours, if any, are excludable because they are excessive, redundant, or

otherwise unnecessary." Shoney's, Inc. v. Schoenbaum, 894 F.2d 92, 97 (4th Cir.1990)."

*Gray v. U.S. Steel Corp.*, 284 F.R.D. 393, 397 (N.D. Ind. 2012)

3. With respect to the instant matter, Plaintiffs' counsel, Yolanda Carrillo pleads in her Fee Petition with attached declaration that she has been licensed to practice in Illinois and the US District Court for the Northern District of Illinois since 2011 and the United States District Court for the Central District of Illinois since 2018.

4. Attorney Carrillo further declares that she has been a supervisory attorney with LAF (formerly Legal Assistance Foundation of Chicago) since April of 2018. She provides an extensive recital of her experience and practice areas.

5. Attorney Carrillo cites to previous fee awards for three Northern District cases and then states her requested rate of $300/hr is reasonable within the Central District legal community without providing any support such as an affidavit or evidence that said rate is commonly charged by attorneys in the Central District for this type of work.

6. Attorney Carrillo attached her time entries which amounted to 2.3 hours to draft the 4 page (without exhibits) Motion to Compel. Her time entries make note of no research or other complicated work involved in preparing the motion, and the motion on its face contains no citation to supporting law other than F.R.C.P. 37.

7. With respect to Attorney Carrillo's petition in support of fees, Defendants suggest that the motion to compel failed to cite to much authority and that counsel's time entries are not sufficient to identify whether any time was potentially excludable or unnecessary.

8. The Defendants also note that Attorney Carrillo's petition on its face notes that in her most recently cited case 13-cv-3242, *Hurtado v. 1721 W Division Corp. d/b/a Angels & Mariachis and 3418 N Sourthport Corp. d/b/a Sopo*, she was awarded $250/hr.

9. As a result of the aforementioned defects, Defendants plead that Attorney Carrillo's petition be reduced in an amount or percentage to be determined by the court.

WHEREFORE, the Defendants, J & S AGRICULTURE CREW, LLC, SONIA MUÑOZ and JUAN MUÑOZ, pray that this Honorable Court reduce the relief as requested by the Plaintiffs, in an appropriate amount as determined by the Court, and for such other and further

relief as this Court deems just and appropriate.

s/ Matthew E. Peek<br>
Matthew E. Peek Bar Number: 6313706<br>
Attorney for Plaintiff<br>
Erwin, Martinkus & Cole, Ltd.<br>
411 West University Avenue<br>
P.O. Box 1098<br>
Champaign IL 61824-1098<br>
(217) 351-4040<br>
FAX 217-351-4314<br>
matthew.peek@erwinlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2019, I presented the Defendants', J & S AGRICULTURE CREW, LLC'S; SONIA MUÑOZ'S, and JUAN MUÑOZ'S, Response to Plaintiffs' Fee Petition for Motion to Compel Defendants' J&S Agriculture Crew, LLC's' Sonia Muñoz's and Juan Muñoz's Discovery Responses, via email to Counsel. I further filed this Certificate of Service with the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Lorna Geiler | lgeiler@meyercapel.com |
| Lakshmi Ramakrishnan | lramakrishnan@trla.org |
| Yolanda Carillo | ycarrillo@lafchicago.org |
| Carlos Francisco Cisneros-Vilchis | ccisnerosvilchis@lafchicago.org |

s/ Matthew E. Peek<br>
Matthew E. Peek Bar Number: 6313706<br>
Attorney for Plaintiff<br>
Erwin, Martinkus & Cole, Ltd.<br>
411 West University Avenue<br>
P.O. Box 1098<br>
Champaign IL 61824-1098<br>
PHONE (217) 351-4040 FAX (217)-351-4314<br>
matthew.peek@erwinlaw.com